**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEX WRIGHT, | **1:23-cv-5243** |
| Plaintiff, | |
| v. | |
| STEPHANIE BATISTA, | **COMPLAINT AND DEMAND FOR A JURY TRIAL** |
| Defendant. | |

Plaintiff Alex Wright, by and through his attorney at Law Office of Jillian T. Weiss, P.C. alleges as follows:

## INTRODUCTION

1.       During an argument that occurred in Rome, Italy, Defendant Batista became upset with Plaintiff Wright when Wright said something that Ms. Batista did not agree with.

2.       Because of this, Batista picked up a heavy metal object and threw it from close range into Wright's face, causing injuries serious enough to require seeking immediate care at a hospital emergency room.

3.       Wright seeks damages against Batista for injuries.

## THE PARTIES

4.       Plaintiff Alex Wright is a resident and domiciliary of the State of New Jersey.

5.       Defendant Stephanie Batista is a resident and domiciliary of the State of New York.

**JURISDICTION AND VENUE**

6.        This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds

$75,000.

**FACTUAL ALLEGATIONS**

7.        On June 28, 2022, while in Rome, Italy, Batista took an unlawful physical action

against Wright, to wit, she hit Wright in the face, with full force, and with an iPhone held in her hand.

8.        The iPhone contacted Wright's face.

9.        This iPhone weighed approximately one-half of a pound.

10.        This opened up a cut of about ½" in length at the top of Wright's nose, where it

meets the eyes.

11.        Wright experienced severe pain, which put him into shock.

12.        Blood began gushing from the cut.

13.        This released enough blood that Wright became extremely concerned for his

wellbeing and about the permanence of scars on his face.

14.        He began to leave the room to seek assistance.

15.        Defendant Batista then stood in the doorway to the room, and prevented Plaintiff

from leaving, while continuing to revile Plaintiff and expressing sentiments to the effect that she was

glad she hurt him and that she wanted to continue to do so in the future.

16.        After a physical struggle, Wright was able to free himself and leave the room.

17.        He went to a friend, explained what had happened, and began first aid.

18.        After about 10 minutes, as a result of these injuries, the friend drove Wright

to San Giovanni Addolorata Hospital located at Via dell'Amba Aradam 8, in Rome, Italy.

19.        Wright sustained a small permanent scar on his face from Defendant's battery.

20.        Wright also sustained pain and suffering and emotional injury from Defendant's actions.

21.        Batista intended that her actions would cause these injuries to Wright.

22.        The lex locus delicti is Rome, Italy.

23.        Both parties had significant contacts with Italy by virtue of their intentional presence there.

24.        Italy has a significant interest in preventing such assaults.

25.        Therefore, under the conflict of laws provisions of New York law, Italian law will apply to this action.

26.        In Italy, civil claims for assault are primarily governed by the Italian Civil Code.

27.        The legal authority supporting tort liability is found in two provisions.

   a.        Article 1173, the first of Book Four of the Italian Civil Code, defines the "Sources of obligations" and reads, in translation and in pertinent part, "Obligations arise from contracts, unlawful acts, or any other acts or facts which are capable of producing obligations under the law."[1]

   b.        Article 2043 of the Italian Civil Code is entitled "Compensation for unlawful acts," which reads, in translation and in pertinent part: "Any intentional or negligent act that causes an unjustified injury to another obliges the person who has committed the act to pay damages."[2]

---

[1] Translation by Rebecca Spitzmiller, J.D., Lecturer in Comparative Law at Università degli Studi "Roma Tre." The original reads "Fonti delle obbligazioni: Le obbligazioni derivano da contratto, da fatto illecito, o da ogni altro atto o fatto idoneo a produrle in conformità dell'ordinamento giuridico." Available at http://italiantortlaw.altervista.org/ civilcode.html,  archived at https://perma.cc/H4G8-QKM6 (2011).

[2] The original reads "Qualunque fatto doloso o colposo, che cagiona ad altri un danno ingiusto, obbliga colui che ha commesso il fatto a risarcire il danno." Id.

28.      This article establishes the general principle of civil liability for harmful acts, including assault. It forms the basis for filing a civil claim for assault and seeking compensation for the damages suffered as a result.

29.      In Italy, a civil claim for assault, referred to as "lesioni personali" in Italian, generally requires the following elements:

     a.    Unlawful Act: The plaintiff must demonstrate that the defendant committed an unlawful act that caused harm or injury to the plaintiff. This can include physical violence, aggression, or any intentional act that caused bodily harm.

     b.    Intent or Negligence: The plaintiff must establish that the defendant acted intentionally or negligently. If the assault was intentional, it means that the defendant intended to cause harm or injury. If it was negligent, it means that the defendant failed to exercise a reasonable level of care, resulting in harm or injury to the plaintiff.

     c.    Causation: The plaintiff must establish a causal link between the defendant's act and the resulting harm or injury. They need to demonstrate that the defendant's actions directly caused the harm suffered by the plaintiff.

     d.    Damages: The plaintiff must show that they suffered actual damages as a result of the assault. Damages can include physical injuries, medical expenses, pain and suffering, emotional distress, and any other losses directly caused by the assault.

30.      Each of these elements has been pled herein.

4

## CAUSES OF ACTION

### COUNT I

### Battery

31.     Wright incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

32.     Batista committed battery against Wright when she hit him in the face with her iPhone.

33.     Batista purposefully attacked Wright with the purpose and effect of causing the injuries that he received.

34.     Wright sustained past and future substantial damages, including significant pain and suffering, lasting psychological and pecuniary harms, loss of dignity, and invasion of bodily autonomy.

35.     Batista's action of hitting him in the face with her iPhone caused the injuries alleged above.

### COUNT II

### False Imprisonment

36.     Defendant Batista intended to confine Plaintiff Wright to the room in which they were present, as she attempted to physically restrain him while standing in the doorway.

37.     Plaintiff Wright was conscious of the confinement, as he had to physically fight his way out of the room.

38.     Plaintiff did not consent to the confinement, as shown by his attempts to leave the room despite her physically barring him from the door.

39.     The confinement was not otherwise privileged, as Defendant Batista had no right to keep him confined.

## PRAYER FOR RELIEF

WHEREFORE, Wright respectfully requests that the Court:

a.      Award Wright compensatory damages in an amount to be determined at trial;

b.      Award Wright punitive and exemplary damages in an amount to be determined at trial; and

c.      Award Wright pre-and post-judgment interest, costs, and such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff Alex Wright hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.